# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:99-CR-81 CAS |
| DERRICK HARVEY, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on two letters received from defendant Derrick Harvey, dated April 9, 2008 (Doc. 84) and April 10, 2008 (Doc. 85). On January 8, 2008, Harvey filed a motion for modification or reduction of his sentence under 18 U.S.C. § 3582, based on Amendment 599 to the United States Sentencing Guidelines (Doc. 75). This motion was erroneously docketed as a § 3582 motion for retroactive application of the sentencing guidelines to a crack cocaine offense. The Court appointed counsel to assist defendant pursuant to the Administrative Order of this Court dated January 15, 2008, concerning crack cocaine sentence reduction motions. Subsequently, the Court denied defendant's motion for modification or reduction of his sentence on the basis that defendant had been convicted of a heroin offense and not a crack cocaine offense.

As defendant points out, his motion under § 3582 is based on Amendment 599, which concerns double-counting of conduct involving weapons, and does not seek a sentence reduction relating to crack cocaine. The Court will, therefore, vacate the Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) dated April 2, 2008 (Doc. 81), and direct the Clerk to modify the docket to reflect that (1) defendant's motion to reduce or modify his sentence does not

concern crack cocaine, and (2) the motion remains pending for resolution.

Although the Court granted plaintiff's motion for appointment of counsel to assist with the § 3582 motion, the appointment of counsel was made pursuant to the Administrative Order of January 15, 2008, concerning crack cocaine sentence reduction motions, and was based on the mistaken understanding that plaintiff's motion concerned the crack cocaine amendments. Generally, there is no right to the assistance of counsel when pursuing relief under 18 U.S.C. § 3582. See United States v. Legree, 205 F.3d 724, 729-30 (4th Cir. 2000); United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999); United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996); United States v. Whitebird, 55 F.3d 1007, 1010-11 (5th Cir.1995); United States v. Reddick, 53 F.3d 462, 464 (2d Cir. 1995).

The Court has reviewed movant's motion under § 3582 and concludes it does not raise issues that require the appointment of counsel. The Court will vacate its prior order granting defendant's motion for appointment of counsel, and in the exercise of its discretion will deny the motion for appointment of counsel and defendant's request for appointment of counsel contained in his letter dated April 10, 2008. Previously appointed counsel will be relieved from the appointment. Finally, the Court will order the government to respond to defendant's motion under § 3582.

Accordingly,

**IT IS HEREBY ORDERED** that the Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) dated April 2, 2008, is **vacated**. [Doc. 81]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall modify the docket to reflect that defendant's motion to reduce or modify sentence under 18 U.S.C. § 3582(c)(2) does not concern crack cocaine, and remains pending for resolution. [Doc. 75]

**IT IS FURTHER ORDERED** that the Order of February 14, 2008, which granted defendant's motion for appointment of counsel, is **vacated**. [Doc. 79]

**IT IS FURTHER ORDERED** that previously appointed counsel, Mr. Peter Huber, is relieved from any obligation to represent defendant in this matter.

**IT IS FURTHER ORDERED** that upon reconsideration, defendant's motion for appointment of counsel is **DENIED**. [Doc. 76]

**IT IS FURTHER ORDERED** that the government shall file its response to defendant's pro se motion to modify or reduce sentence (Doc. 75) by **April 28, 2008**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of April, 2008.