# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:99-CR-81 CAS |
| ) | |
| DERRICK HARVEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Derrick Harvey's motion for leave to amend his pending motion to modify sentence under 18 U.S.C. § 3582(c)(2) to assert that his Missouri manslaughter conviction no longer qualifies as a "crime of violence" under the Supreme Court's recent decision in Begay v. United States, 128 S. Ct. 1581 (2008).

Defendant filed a post-conviction motion under § 3582 to reduce his sentence based on an amendment to the United States Sentencing Guidelines. Section 3582(c)(2) provides that a

> court may not modify a term of imprisonment once it has been imposed except that . . . [,] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

By the terms of the statute, a court only has the authority to modify a sentence when the range has been lowered "by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." Id. Courts have limited authority to reduce prior sentences, based on retroactive amendments to the Guidelines. United States v. Mihm, 134 F.3d 1353, 1354 (8th Cir. 1998). Even if Begay were relevant to

defendant's case, Section 3582(c)(2) "only *expressly* allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range." United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2005), cert. denied, 547 U.S. 1185 (2006). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (Supreme Court decision was inapplicable to § 3582(c)(2) motions); Hayes v. United States, 141 F. Appx 463, 464 (7th Cir. 2005) (§ 3582(c)(2) "authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law."); United States v. Privette, 129 F. App'x 897, 898 (5th Cir. 2005) ("By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."). Begay therefore does not provide a basis for sentence reduction under § 3582(c)(2). As a result, defendant's motion for leave to amend his § 3582 motion is futile, and should be denied.[1]

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to amend his motion for modification of sentence under 18 U.S.C. § 3582(c)(2) is **DENIED**. [Doc. 89]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of June, 2008.

---

[1] The Court is mindful that if it concludes a retroactive amendment to the Guidelines is applicable to defendant's sentence, it must first determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing, and then consider that determination together with the general sentencing considerations contained in section 3553(a), and decide in the exercise of its discretion whether or not to modify the original sentence previously imposed. See United States v. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997).

2